Under the complaint the defendants are charged with the negligence of their employee in the manner in which he operated their truck on August 23, 1945. The typed date on the complaint is May 7, 1946, with a line drawn through by a pen and an insertion made of the date of October 3, 1946. The sheriff's return discloses service of process on October 4, 1946, nearly fourteen months after the occurrence for which the action is brought to recover damages of the defendants.
The defendants' answer pleads specially "the statute of limitations (General Statutes, Section 6015, amended in respects not important to the problem) in that the right of action for the cause stated . . . did not accrue within one year next before the commencement of this action."
The plaintiff's reply sets out that the writ was turned over by his counsel to a deputy sheriff for service on May 13, 1946. and that when this fact became known to an adjuster for the Zurich Insurance Agency he requested plaintiff's counsel that service be withheld for the purpose of adjusting the matter and upon the understanding that service could be made "after the statutory period for bringing suit had elapsed," and that failing an adjustment "suit was brought in accordance with the agreement." *Page 419 
To this reply the defendants demur substantially on the ground that the facts therein alleged constitute no defense to the interposed special defense of the Statute of Limitations.
In resisting the demurrer the plaintiff argues that the defendants are estopped from claiming the benefits of the statute, and cites Bank of Hartford County v. Waterman, 26 Conn. 324. In the later case of Lippitt v. Ashley, 89 Conn. 451, 480, there appears this statement (after a quotation from the opinion in the Bank of Hartford County case): At least it is manifest that the courts cannot nullify the statute in every case in which they think it is inequitable to apply it, and the cases in which such an estoppel has prevailed over the statute have generally been limited, as we think they ought to be, to cases in which the defendant's conduct or misrepresentations were directed to the very point of obtaining the delay of which he afterward seeks to take advantage by pleading the statute."
For the purposes of the demurrer the allegations of the plaintiff's reply are taken to be true. It is significant to note, however, that it was not the defendants who are alleged to have prevailed upon the plaintiff's counsel to withhold the instituting of the suit upon an understanding and agreement of a late commencement of proceedings if an adjustment failed, nor of their counsel, but rather of an insurance adjuster. The Zurich Insurance Agency is not a party defendant to this suit. This aspect is deemed fatal to the plaintiff's position on the demurrer.
There are cases of other jurisdictions which hold that a defendant is estopped under certain circumstances from claiming the bar of the statute; see notes, 77 A. L. R. 1044, 130 A. L. R. 8; but an examination of those cases discloses that it was a litigant or his acknowledged agent whose representations, promises or conduct was held to act as an estoppel from the assertion of the bar of the statute. As pointed out, the Zurich Insurance Agency is not a party defendant. Nor does the plaintiff's reply allege that the adjuster or his employer was acting on behalf of the defendants respecting a late commencement of action in the event a settlement was not effected.
Lord Campbell's famous observation is pertinent, that hard cases must not make bad law. East India Co. v. Paul, 1 Eng. L. Eq. R. 44, 48. Whether the insurance commissioner of Connecticut on grounds of public policy would be interested in the facts recited in the plaintiff's reply is for the plaintiff's counsel to consider independently of the court's function in this writing.
 Demurrer sustained.